Gurung v. Holder

BIA
Sichel, IJ
A099 073 331
A099 073 332

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

TEKENDRA GURUNG, JAMUNA GURUNG,
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-4935-ag
NAC

_____

FOR PETITIONERS:   Visuvanathan Rudrakumaran, New York, NY.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Luis E. Perez, Senior

**Litigation Counsel; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Nepal, seek review of a November 12, 2010, order of the BIA affirming the April 10, 2008, decision of Immigration Judge ("IJ") Helen Sichel, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tekendra Gurung, Jamuna Gurung,* Nos. A099 073 331/332 (B.I.A. Nov. 12, 2010), *aff'g* Nos. A099 073 331/332 (Immig. Ct. N.Y. City Apr. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Petitioners do not challenge the agency's pretermission of their asylum application, the only issue before us is whether the agency erred in denying Petitioners' application for withholding of removal and CAT relief.

Eligibility for withholding of removal requires that it is more likely than not that the applicant's "life or freedom would be threatened in [his] country . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). In support of Petitioners' claim of political persecution, Gurung submitted letters from his mother and a municipal office stating that Maoists threatened his mother and sought to discuss "personal matters" with him, but the letters do not assert any political motivation for the Maoists' threats. Gurung also testified that Maoists

indiscriminately demanded money from individuals, and that the Maoists targeted Gurung due to their alleged belief that he was corrupt. In light of that testimony, the IJ reasonably concluded that Gurung failed to establish that he would be targeted on account of a protected ground.

Petitioners contend that the agency failed to give proper weight to Gurung's testimony regarding NCP officials' warning that the Maoists targeted Gurung because he had participated as a NCP member. However, the IJ reasonably found that the conversation was insufficient alone to establish the requisite nexus between the attempted extortion and Gurung's NCP activities. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to evidence lies largely within the agency's discretion).

Moreover, Gurung testified that he could safely reside in Nepal if he went into hiding, and that his mother (who had also been a victim of attempted extortion by the Maoists) and children have continued living there unharmed. It was not improper for the agency to discount Petitioners' claim that his life or freedom would be endangered in Nepal, in light of the fact that a similarly-situated family member remained there unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Petitioners' argument that the agency failed to consider the various articles and State Department reports they submitted is also unavailing. Those materials indicate nothing more particular than that Maoists indiscriminately committed human rights violations. In any event, the agency is not required to "expressly parse or refute on the record each individual . . . piece of evidence" so long as it makes adequate findings. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-75 (2d Cir. 2006) (quotation marks omitted); *see also Xiao Ji Chen*, 471 F.3d at 338 n.17.

Substantial evidence, therefore, supports the agency's finding that Petitioners failed to demonstrate a likelihood that Gurung would be endangered, let alone tortured, in Nepal. Thus, there is no basis on which to vacate the BIA's decision in that regard. *See Yanqin Weng*, 562 F.3d at 513. Furthermore, the agency did not err in denying CAT relief because Petitioners' CAT claims were based on the same

factual predicate as their withholding claims.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4